MARY McARTHUR, ADMINISTRATRIX, AND ANOTHER, ADMINIS-
TRATOR, ETC., OF ADAM McARTHUR, DECEASED, RESPONDENTS,
*v.* MATILDA V. SOULE, APPELLANT.

*Witness examined de bene esse — declarations of, showing his inability to be present at the trial — when admissible — Agency — how established — declarations of agent admissible for what purpose — Bill of sale — may be contradicted by parol evidence.*

When a witness who has been examined *de bene esse* in a cause does not appear on the trial thereof, it is competent for a party proposing to show that he was too unwell to attend, to give evidence as to his declarations made in answer to questions put to him shortly before the trial, as to his ability to be present.

Although the general rule is that an agent's authority cannot be proved by his declaration or act alone, yet the agency being established by competent evidence, his declarations bind the principal in regard to acts done within the scope of his authority.

It is competent to establish by parol evidence the fact that a sale was in reality made to one person, although the bill of sale given by the seller shows a sale to another.

APPEAL from a judgment in favor of the plaintiffs, entered on the verdict of a jury, at the Onondaga Circuit.

*F. M. Evarts* and *Gott & Garfield*, for the appellant.

*A. N. Ludington*, for the respondents.

MULLIN, P. J. :

This action was brought to recover the amount due on a promissory note, made by defendant by her husband as her agent, for $250, payable to James Carlisle, or bearer, one year from date, with interest, and dated September 3d, 1867.

It is alleged in the complaint that the defendant was a married woman at the time of making the note, that she was possessed of a separate estate, and that the note was made for the benefit of said estate, and intended to be a charge thereon. The defendant in her answer admits the execution of the note ; that she admitted, when she executed the note, that she was a married woman and had a separate estate. She denies that it was made for the benefit of her separate estate, or was designed to be a charge thereon ; and she denies that she owes the plaintiff on said note any sum whatever.

She sets up, by way of a second defense, that about the day of the date of said note, James Carlisle and her son, Smith Soule, were owners of a canal boat and team of horses ; that Carlisle sold his interest in said property to Smith, and, to secure the sum agreed to be paid the defendant, gave the note in question ; that she was then, and still is, a married woman ; that neither she nor her separate estate was benefited by or interested in said property.

The court submitted to the jury two questions : 1st. Whether the defendant bought the boat. 2d. Whether, when McArthur applied to her, before purchasing the note of Carlisle, to know whether those notes (of which the note in suit was one) were all right, she replied they were, and she was glad if he could get them and would pay them when they came due ; and instructed the jury that if she bought the boat, plaintiff was entitled to recover, and if she told McArthur, before he purchased, what he testified she did, she was estopped from denying her liability on the note, and the verdict must be for the plaintiff.

The jury rendered a verdict in favor of the plaintiff for the amount of the note and interest, and from the judgment entered thereon the defendant appeals.

Both parties gave evidence on the issues submitted to the jury, and, according to the well settled practice of the court, the verdict is conclusive upon the parties and cannot be disturbed, unless

some error was committed upon the trial in admitting or excluding evidence, or in the charge to the jury.

I will examine the exceptions of the appellant in the order they are stated in his points. Mr. Fuller, a witness on the part of the plaintiff, being sick, his testimony was taken *de bene esse* before the trial; and to show that the witness was at the time of the trial too unwell to attend and give evidence, the plaintiff's intestate, being sworn, was asked by his counsel, when he had last seen Fuller, and he replied that he last saw him on the Wednesday evening preceding the day on which McArthur was being examined; he saw F. at his house; he was sitting up, and he said he had been walking out. The question was then put : What did he say about being able to come ? The question was objected to on the ground that the declarations of the witness to a non-expert are not admissible. The court permitted the witness to state Fuller's appearance, and, in connection with that, his declarations. To which ruling the defendant's counsel excepted. The question was competent, and the objection to it properly overruled. A man is found lying on the road side calling for help, a good samaritan comes along and proceeds to raise the man from the ground, and he cries out that his legs or his back are broken, and begs the passer-by not to attempt to raise him to his feet. The sufferer dies, and his administrator sues a railroad company for negligently injuring him with one of its engines, and on the trial the statement of the deceased to the man who attempted to aid him, as to his injuries, are not competent if the learned counsel is right.

This cannot be law. None of us can have a doctor constantly with us to whom we can disclose the injuries that may be done in our journey through life, and if we cannot, then we must submit to allow the injured party to disclose his condition to any one who may be present, who has capacity to understand, retain and relate what was said to him.

The witness Fuller was permitted by the court to testify to the statements of defendant's husband, that he (the husband) was acting for the wife, and that he was buying the boat for her. These statements were made to Fuller while the notes and bill of sale of Carlisle's interest in the boat were being drawn by him. The defendant's counsel objected to the evidence. The court overruled

the objection, and defendant's counsel excepted. The defendant admits in her answer that her husband had authority to sign the note as her agent, and that she was bound thereby. It was also proved that he was her general agent in the management of her business, which was carrying on a farm she owned, and the management of the property connected therewith. An agency, then, was conclusively established. But it is said it did not extend to buying Carlisle's interest in the boat and giving a note for the price. If there was in the case no other evidence of the husband's authority to buy the boat and give her note therefor, it might well be that his agency did not authorize those acts, but witnesses were called by the plaintiff, who testified that the defendant admitted to them that the boat was purchased for her.

Although the general rule is that an agent's authority cannot be proved by his declaration or act alone, yet, the agency being established by competent evidence, his declarations bind the principal in regard to acts done within the scope of his authority. The evidence as to the extent of the agent's authority being conflicting, it was the duty of the court to submit it to the jury to say whether his agency extended to the purchase of the boat so as to admit in evidence his declarations against the principal. This precise question was not submitted to the jury, nor was he asked to submit it. He did say to them that if he said, when the writings were drawn, that he was purchasing the boat for his wife, that it was the understanding that she was to become the purchaser, then she was the purchaser, although she was not aware of it at the time, upon the ground that he was her general agent, authorized to do her business generally. The defendant's counsel excepted to this part of the charge. What was said by the agent while the writings were being drawn, was a part of the *res gestæ*, and admissible as such, if the husband was in truth the wife's agent so as to bind her by his declarations. This fact was established if the jury believed the witnesses who testified to her admissions. When the court told the jury that the agent's declarations were admissible because he was her general agent, he did not mean to say that he was her agent for the transaction of all manner of business for her, but that, in reference to her farming business, and in the purchase of the boat, his statements, being parts of the *res gestæ*, bound her. Had

the appellant's counsel called on the court to instruct the jury that if they should find that he was the general agent of defendant in the management of the farm merely, that he could not bind her by declarations made in purchasing the boat, and the court had refused to charge as requested it is probable that the refusal would have called for a reversal of the judgment. The jury must have found that defendant purchased the boat. They must also have found that the husband was her agent for that purpose; and these facts being found, it necessarily followed that the agent's declarations were admissible. Although the charge upon the question under consideration is open to criticism, I am nevertheless of the opinion that the statements of the agent were properly received.

We have on one, and perhaps two occasions held, that it was competent to prove by parol that the boat was sold to defendant notwithstanding the bill of sale from the seller showed a sale to the son. To that proposition we adhere, and it is not open to discussion in this court.

The instruction given to the jury on the question of estoppel were not excepted to, and there is no question before us upon that branch of the charge. The judgment should be affirmed.

Present — MULLIN, P. J., SMITH and GILBERT, JJ.

Judgment affirmed.